UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN,<br><br>     Plaintiff,<br><br>     v.<br><br>WEBB HYUNDAI and EXETER FINANCE LLC,<br><br>     Defendants. | CAUSE NO.: 2:25-CV-444-TLS-JEM |

**OPINION AND ORDER**

On September 25, 2025, the pro se Plaintiff LaSandra Norman filed her Complaint [ECF No. 1] in this case seeking to void a contract with Exeter Finance LLC for the purchase of a used vehicle in the amount of $17,866.95. This matter is before the Court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Forma Pauperis and dismisses without prejudice the Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of

costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Here, the Plaintiff has not completed all the information on the Court's Motion to Proceed in Forma Pauperis form. Although she indicates that she works sixteen hours a week at a retail store, she does not indicate her gross earnings per month as required on the form. Nevertheless, while she does not list her hourly pay rate, it seems likely that this income does not exceed 150 percent of the Poverty Line, which is $1,956.25 per month. *See* http://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf.

Assuming for purposes of the motion that she meets the financial requirements to qualify for in forma pauperis status, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).

In this case, the Plaintiff requests that the Court void the sale contract for $17,866.95 for a used car because of the unacceptable condition of the vehicle, including the engine light coming on the second day; a terrible smell; problems with the front and back brakes, rotors, and tires; a broken air-conditioner; a "shortage in the stereo system"; and incorrect spark plugs "causing a burning sensation to [her] foot and leg." Compl. ¶¶ 5–7, 13, ECF No. 1. As relief, she is asking for a refund of her down payment of $750.00, a refund of the payment she made of $486.30, her car insurance payment, the gas money spent driving to get the car repaired, and pain and suffering since the vehicle purchase on July 11, 2025. *Id.* ¶ 15; Compl. Attachment pp. 6–7, ECF No. 1, pp. 12–13.

"[T]he federal district courts are courts of limited jurisdiction." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," often referred to as federal question jurisdiction. 28 U.S.C. § 1331. The Plaintiff has not alleged any facts to state a claim under federal law.

Alternatively, diversity jurisdiction exists when the plaintiff brings a state law claim and the parties to the action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Here, the Plaintiff is asking the Court to void the contract with the Defendants, which is a state law cause of action. The Plaintiff has not alleged the parties' citizenships and thus has not shown that her state of citizenship is a state different from the state of citizenship of both defendants. Citizenship of a natural person, such as the Plaintiff, is determined by domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). It appears that the Plaintiff's domicile is likely Indiana.

From the Indiana Secretary of State website, it appears that Webb Hyundai of Highland is owned by Webb Hyundai L.L.C. *See* https://bsd.sos.in.gov/publicbusinesssearch (Business ID 2009121700716). "For diversity jurisdiction purposes, the citizenship of [a limited liability company] is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d

3

531, 534 (7th Cir. 2007). If any members of the limited liability company are themselves limited liability companies, the citizenship of those members must be alleged as well. *Id.*; *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). While the citizenships of the members of Webb Hyundai, LLC are unknown, given that it is a local, family-owned business, it seems possible that at least one of the members is a citizen of Indiana.

From the Indiana Secretary of State website, it appears that Defendant Exeter Finance is a limited liability company. *See* https://bsd.sos.in.gov/publicbusinesssearch (Business ID 2010110300627). Thus, its citizenship will also be the citizenship of each of its members. *See Thomas*, 487 F.3d at 534.

Even if there is diversity of citizenship, it appears that the amount in controversy requirement cannot be met as it does not appear that the amount in controversy exceeds $75,000. The Plaintiff alleges that the sale price of the used car was $17,866.95, and she attached the Retail Installment Sale Contract showing the amount financed as $17,866.95. Compl. Attachment pp. 6–10, ECF No. 1, pp. 12–16. In the last paragraph of the Complaint, the relief the Plaintiff seeks is a refund of her $750.00 down payment, the one $486.30 monthly installment payment she made, gas money for driving to the dealership to resolve the issues with the vehicle, and pain and suffering for her injuries caused by the used vehicle, which appears to be the "burning sensation to [her] foot and leg" caused by incorrect spark plugs. *See id.* It does not appear to the Court that the $75,000 amount in controversy has been met.

Thus, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff up to and including December 1, 2025, to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (stating that a litigant

proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the jurisdictional deficiencies identified in this Opinion. This means that the Plaintiff must allege the amount in controversy, the state of her citizenship, and the state of citizenship of each Defendant at the time of filing the Complaint in this case. Along with an amended complaint, the Plaintiff must also file a new and complete Motion to Proceed In Forma Pauperis or pay the filing fee. If the Plaintiff does not file an amended complaint and new Motion to Proceed In Forma Pauperis by December 1, 2025, the Cout will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction.

The Court GRANTS the Plaintiff up to and including December 1, 2025, to file an amended complaint that cures the defects set forth above. The Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee by December 1, 2025.

The Plaintiff is cautioned that, if she does not respond by the December 1, 2025 deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on October 27, 2025.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT