UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:25-CV-444-TLS-JEM |
| WEBB HYUNDAI and EXETER FINANCE LLC, | |
| Defendants. | |

**OPINION AND ORDER**

On September 25, 2025, pro se Plaintiff LaSandra Norman filed a Complaint [ECF No. 1] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. On October 27, 2025, the Court denied the motion and dismissed the Complaint for lack of subject matter jurisdiction, granting the Plaintiff leave to file an amended complaint and new motion to proceed in forma pauperis to cure the defects. This matter is now before the Court on the Plaintiff's Amended Complaint [ECF No. 4] and Amended Motion to Proceed In Forma Pauperis [ECF No. 5], both timely filed on December 1, 2025. For the following reasons, the Court denies the Plaintiff's Amended Motion for Leave to Proceed in Forma Pauperis and dismisses without prejudice the Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28

U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Here, the Plaintiff has not completed all the information on the Court's Motion to Proceed in Forma Pauperis form. Although she indicates that she is in a legal battle with the Social Security Administration over her benefits and does not have any income as of December 1, 2025, she has not explained how she obtains food, clothing, shelter, and other necessities of basic living.

Assuming for purposes of the motion that she meets the financial requirements to qualify for in forma pauperis status, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).

The Court dismissed the original Complaint for lack of subject matter jurisdiction because it did not allege any federal cause of action and did not allege facts to support diversity jurisdiction. The Court finds that the Amended Complaint, which supersedes the original Complaint, suffers from the same defects. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings . . . ." (cleaned up)).

The Amended Complaint makes the following allegations. "The Defendants are being sued for deceptive business practices aimed at the Plaintiff, who also is a woman of color."

Defendant Webb Hyundai sold her a vehicle they knew was defective at the time of purchase, and Defendant Exeter LLC agreed to finance the vehicle without first making certain the vehicle was a certified used vehicle as represented during the sale. Defendant Exeter LLC used deceptive business practices when they agree to charge the Plaintiff 25% interest on a vehicle that was defective. The Defendants railroaded the Plaintiff. The transaction occurred in Indiana, subjecting the Defendants to Indiana law. The Defendants are aware of the lawsuit. Starting two days after the purchase, the Plaintiff has requested a full refund of the purchase price, which the Defendants have denied. The deceptive business practices of both Defendants have caused the Plaintiff pain and suffering, stress, and time taking the car for repairs. Defendant Webb Hyundai has failed to repair the vehicle four times in three months.

"[T]he federal district courts are courts of limited jurisdiction." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," often referred to as federal question jurisdiction. 28 U.S.C. § 1331. The Plaintiff has not alleged any facts to state a claim under federal law. While the Federal Trade Commission Act prohibits "unfair . . . practices affecting commerce," 15 U.S.C. § 45(a)(1), it does not provide a private right of action, *FTC v. Klesner*, 280 U.S. 19, 25 (1929) ("Section 5 of the Federal Trade Commission Act does not provide private persons with an administrative remedy for private wrongs.").

Alternatively, diversity jurisdiction exists when the plaintiff brings a state law claim and the parties to the action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Here, the Plaintiff alleges the Defendants engaged in deceptive business practices,

which is a state law cause of action. However, the Plaintiff has again not alleged the parties' citizenships and thus has not shown that her state of citizenship is a state different from the state of citizenship of both defendants. Citizenship of a natural person, such as the Plaintiff, is determined by domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). It appears that the Plaintiff's domicile is likely Indiana.

As noted in the Court's previous order, it appears from the Indiana Secretary of State website that Webb Hyundai of Highland is owned by Webb Hyundai L.L.C. *See https://bsd.sos.in.gov/publicbusinesssearch* (Business ID 2009121700716). "For diversity jurisdiction purposes, the citizenship of [a limited liability company] is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). If any members of the limited liability company are themselves limited liability companies, the citizenship of those members must be alleged as well. *Id.*; *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). The Court's prior order acknowledged that while the citizenships of the members of Webb Hyundai, LLC are unknown, given that it is a local, family-owned business, it seems possible that at least one of the members is a citizen of Indiana.

From the Indiana Secretary of State website, it appears that Defendant Exeter Finance is a limited liability company. *See https://bsd.sos.in.gov/publicbusinesssearch* (Business ID

4

2010110300627). Thus, its citizenship will also be the citizenship of each of its members. *See Thomas*, 487 F.3d at 534.

Even if there is diversity of citizenship, it appears that the amount in controversy requirement cannot be met as it does not appear that the amount in controversy exceeds $75,000. The Amended Complaint seeks $100,000 in damages for the deceptive business practices. Although the Amended Complaint supersedes the original Complaint, the Court nevertheless notes that the original Complaint alleged that the sale price of the used car was $17,866.95, and the Plaintiff had attached the Retail Installment Sale Contract showing the amount financed as $17,866.95. Compl. Attachment pp. 6–10, ECF No. 1, pp. 12–16. In the last paragraph of the original Complaint, the Plaintiff represented she made a $750.00 down payment, was making $486.30 monthly installment payments, spent gas money for driving to the dealership to resolve the issues with the vehicle, and suffered injuries caused by the used vehicle from the "burning sensation to [her] foot and leg" caused by incorrect spark plugs. *See id.* There are no facts before the Court to satisfy the more than $75,000 amount in controversy requirement.

Thus, the Plaintiff's second request to proceed without prepayment of fees is denied, and the Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court finds that granting the Plaintiff a second opportunity to file an amended compliant would be futile. *See Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This ruling does not prevent the Plaintiff from filing a complaint in Indiana state court.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Amended Motion to Proceed In Forma Pauperis [ECF No. 5] and DISMISSES the Amended Complaint [ECF No. 4]

WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction. The Court DIRECTS the Clerk of Court to close this case.

SO ORDERED on December 4, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT